IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2019

## CARL J. WAGNER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-305      Steve R. Dozier, Judge**

_____

### No. M2018-02000-CCA-R3-PC

_____

The pro se Petitioner, Carl J. Wagner, appeals the denial of his petition for post-conviction DNA analysis and the dismissal of his Tennessee Rule of Civil Procedure 60.02 motion to correct/relieve him of his judgments of conviction.  Following our review, we affirm the judgments of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Carl J. Wagner, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Sophia S. Lee, Senior Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On November 5, 2009, a Davidson County Criminal Court jury convicted the Petitioner of first degree felony murder, second degree murder, and especially aggravated robbery.  The trial court merged the second degree murder conviction into the first degree felony murder conviction and sentenced the Petitioner to an effective sentence of life imprisonment.  On direct appeal, this court found the evidence insufficient to sustain the first degree murder and especially aggravated robbery convictions but affirmed the second degree murder conviction.  State v. Carl J. Wagner, No. M2010-00992-CCA-R3-CD, 2011 WL 2803098, at *1 (Tenn. Crim. App. July 20, 2011), perm. app. granted

(Tenn. Jan. 11, 2012).  Our supreme court reversed our decision and reinstated the convictions.  State v. Wagner, 382 S.W.3d 289, 291 (Tenn. 2012).

Our supreme court's opinion provides the following overview of the case:

On August 27, 2008, [the Petitioner] shot nineteen-year-old Adriel Charles Powell in the laundry room of a Nashville apartment complex located at 1601 Herman Street.  The State charged the [Petitioner] with premeditated first degree murder, first degree murder committed in the perpetration of, or attempt to perpetrate, robbery, and especially aggravated robbery.  The prosecution's theory at trial was that the shooting occurred during a drug deal as the [Petitioner] robbed the victim of a backpack containing narcotics.

Id.

The State's proof at trial included evidence that the victim would have been rendered immediately unconscious by the gunshot wound he sustained to the head, that the victim's shirt was ripped at the shoulder, that the victim's blood had been transferred from fabric to a walkway railing outside the laundry room, that the Petitioner's Nike flip flops were found outside the laundry room, and the Petitioner's statement to police.  Id. at 292-95.

In the statement, the Petitioner said he met the victim and a second man outside the laundry room in order to purchase marijuana.  Id. at 294.  The victim was carrying a backpack that the Petitioner believed contained marijuana.  Id.  According to the Petitioner's account, he went with the victim and the second man to the laundry room, where the victim disappeared into an inner room before the second man suddenly began shooting at the Petitioner.  Id.  The Petitioner said the victim came out of the inner room and began running toward the laundry room door and that the Petitioner shot him twice because he feared the victim would shoot him.  Id.  The Petitioner told the detectives that he lost his Nike flip flops as he fled the scene along the walkway after shooting the victim.  Id.  The Petitioner sustained gunshot wounds during the encounter and was interviewed by detectives at the hospital.  Id.

In reversing this court's direct appeal opinion, our supreme court concluded that there was sufficient circumstantial evidence independent of the Petitioner's statement to establish that the Petitioner had stolen the victim's marijuana-filled backpack after he shot the victim:

Furthermore, to prove that the [Petitioner] removed the victim's backpack containing drugs and fled the scene with it, the prosecution introduced evidence showing that the victim's blood had been transferred from fabric to the walkway railing outside the laundry room. The medical examiner testified that the nature of the victim's injuries eliminated the possibility that the victim left the laundry room after the shooting and transferred his own blood to the railing. The prosecution also showed that the victim's blood on the railing was near the drop-pattern statins of the [Petitioner's] blood and along the path the [Petitioner] fled after the shooting. No proof was offered to show that the victim's blood was on the [Petitioner's] clothing. The first officer at the scene of the shooting testified that the laundry room door had been locked when he arrived. This testimony supported the prosecution's theory that the victim's blood had been transferred to the railing by the perpetrator of the crime.

As further proof that the [Petitioner] stole the victim's backpack containing drugs, the prosecution relied upon the [Petitioner's] admission that he frequently smoked marijuana, the [Petitioner's] statement that he went to the laundry room to buy drugs from the victim, the [Petitioner's] statement that the victim's backpack contained drugs, the absence of drugs from the victim's person and the laundry room after the shooting, and the marijuana found among the [Petitioner's] belongings at the hospital shortly after the shooting. This proof supported the prosecution's theory that the [Petitioner] removed the victim's backpack containing the drugs after the shooting.

Id. at 298.

The Petitioner subsequently filed a post-conviction petition, which was denied. This court affirmed the judgment of the post-conviction court, and our supreme court denied the Petitioner's application for permission to appeal. Carl J. Wagner v. State, No. M2014-01086-CCA-R3-PC, 2015 WL 739608, at *1 (Tenn. Crim. App. Feb. 20, 2015), perm. app. denied (Tenn. June 12, 2015).

In August 2018,[1] the Petitioner filed a Tennessee Rule of Civil Procedure 60.02 motion for "Relief from Judgment," in which he argued, among other things, that the trial court's merger of his second degree murder conviction into his first degree felony murder conviction violated principles of double jeopardy and that the trial court issued erroneous

---

[1] The file date stamp on the petition is very faint and difficult to read but appears to be either August 13, 2018, or August 18, 2018.

jury instructions in the case. Presumably at the same time,[2] the Petitioner also filed a petition for post-conviction DNA analysis in which he argued that DNA analysis of a stain on his Nike flip flops would be reasonably likely to lead to exculpatory evidence in the case. According to the Petitioner, "if the flip flops were tested and the results return back as positive for the victim's DNA, it would account for the blood on the railing and if the results were to return back negative for the victim's DNA, this would prove that the petitioner did not stand over the corpse and take anything."

On October 2, 2018, the post-conviction court entered an order denying the petition for post-conviction DNA analysis. The court noted the overwhelming evidence of the Petitioner's guilt and concluded that there was no reasonable probability that the Petitioner would not have been prosecuted or convicted or that he would have received a more favorable verdict or sentence had the shoes been tested. That same day, the court also entered an order dismissing the Petitioner's Rule 60.02 petition on the basis that a motion filed under Tennessee Rule of Civil Procedure 60.02 is inapplicable to a criminal proceeding. This appeal followed.

## ANALYSIS

Under the Post-Conviction DNA Analysis Act of 2001, the court shall order DNA analysis of "any evidence that is in the possession or control of the prosecution. . . , and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence," Tenn. Code Ann. § 40-30-303, if the court finds:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

---

[2] The file date stamp on the petition is illegible.

Id. § 40-30-304.

The post-conviction court is granted considerable discretion in its decision about whether to grant a Petitioner relief under the Post-Conviction DNA Analysis Act, and this court will not reverse its judgment unless it is unsupported by substantial evidence. See Sedley Alley v. State, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095, at *3 (Tenn. Crim. App. May 26, 2004), perm. app. denied (Tenn. Oct. 4, 2004). We agree with the trial court that DNA analysis of the flip flops would have neither prevented the Petitioner's prosecution nor established his innocence of the offenses. Accordingly, we affirm the judgment of the trial court denying the Petitioner's request for DNA analysis.

We also affirm the post-conviction court's summary dismissal of the Petitioner's motion pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure "for an order releasing him" from the judgments in the case. Rule 60.02 of the Tennessee Rules of Civil Procedure provides, in pertinent part, that

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

In its summary dismissal, the post-conviction court correctly observed that the rules of civil procedure govern civil cases, not criminal proceedings, and found that the trial court acted "within its criminal jurisdiction when it instructed the jury and sentenced the Petitioner[.]" See, e.g., Tamaine Works v. State, No. W2017-02276-CCA-R3-ECN, 2018 WL 6012729, at *11 (Tenn. Crim. App. Nov. 11, 2018), perm. app. denied (Tenn. Feb. 25, 2019) (citations omitted) (noting that judgments of conviction are not governed by the rules of civil procedure). Even if treated liberally as a motion to vacate an illegal judgment or to correct a clerical error, as the Petitioner requests, the Petitioner is not entitled to any relief. The Petitioner cannot show that the trial court's merger of the second degree murder conviction into his first degree murder conviction violates double

jeopardy or that the trial court's allegedly erroneous jury instructions render his convictions illegal.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the post-conviction court.

_____
ALAN E. GLENN, JUDGE